Raymond W. JONES, Appellant,

v.

EL CHORRO DRILLING COMPANY, Appellee.

No. 4045.

Court of Civil Appeals of Texas.

Eastland.

June 17, 1966.

Gordon Asbury, Jr., Abilene, for appellant.

Wagstaff, Alvis, Pope, Doscher & Charlton, Wm. C. Charlton, Abilene, for appellee.

COLLINGS, Justice.

A motion to dismiss the appeal because of appellant's failure to timely file a brief is the matter here under consideration. El Chorro Drilling Company, a corporation, brought suit against Raymond W. Jones to recover under the provisions of a written drilling contract which plaintiff alleged it had performed. The case was tried before a jury and, based upon the verdict, judgment was entered on August 5, 1965, for the plaintiff for $3,051.59. Raymond Jones has appealed.

The transcript was filed on October 29, 1965. The statement of facts was filed on December 28, 1965. Rule 414, Texas Rules of Civil Procedure, provides that an appellant's brief shall be filed within thirty days after the filing of the transcript and statement of facts. Appellant did not file his brief on January 28, 1966, but did timely file a motion for extension to file his brief which was granted on February 4, 1966. On March 11, 1966, appellant's second motion for extension of time was granted and appellant was given until March 28, 1966, to file his brief. Appellant did not file his brief on or before March 28, 1966, but on that date filed appellant's third motion for an extension of time to file a brief, which motion was on April 8, 1966, overruled.

On April 27, 1966, appellee filed its motion to dismiss the appeal, asserting that appellant had failed to file his brief on or before March 28, 1966, as this court had granted him permission to do, and had failed to show good cause for such failure. Appellee asserted that under the record there has been a want of prosecution and that nothing is presented for review. Appellee prays that the appeal, therefore, be dismissed.

Rule 415, T.R.C.P., provides:

"When the appellant has failed to file his brief in the time prescribed, the appellate court may dismiss the appeal for want of prosecution, unless good cause is shown for such failure and that appellee has not suffered material injury thereby. The court, may, however, decline to dismiss the appeal, whereupon it shall give such direction to the cause as it may deem proper."

We are not required, as a matter of law, to dismiss the appeal for want of prosecution because appellant has not complied with Rule 414, requiring the timely

filing of his brief. Hoke v. Poser, 384 S.W. 2d 335, (Sup.Ct., 1964). Rule 415 does, however, authorize a Court of Civil Appeals to dismiss an appeal when an appellant has failed to timely file his brief unless (1) good cause is shown for such failure and (2) that the appellee has not suffered material injury thereby. The good cause in all of appellant's motions for extension relate to his alleged difficulty in securing and retaining an attorney. Appellant was, based upon such allegation of good cause, granted two extensions of time for the filing of his brief. We heretofore overruled his third motion for extension of time, finding that no good cause was shown for his continued failure to file a brief and no showing of a lack of injury to appellee. Appellant's fourth motion for an extension of time in which to file his brief is likewise overruled. In our opinion appellee's motion to dismiss the appeal is well taken.

The appeal is dismissed.